ELIAS B. CRANE VS. JAMES S. BULLOCH.

*Motion for new trial.*

Where the Jury, acting under the charge of the Judge, base their verdict upon a point not in issue, a new trial will be granted.

*Secus*, if substantial justice has been done by the verdict.

To support a collateral undertaking to answer for the debt, &c. of another, made *subsequently* to the original agreement, there must be some new consideration shewn, growing out of, or having reference to such original agreement.

R. a feme covert, drew her draft in favor of C. on B. who accepted the same, payable when in funds. After this acceptance, J. S. B. the trustee of the[drawer's separate property under a deed of marriage settlement, wrote upon the draft, "I will have this paid out of the next crop," and signed his name as Trustee. On action of assumpsit brought by C. against J. S. B. upon this promise, *held*, that there was no consideration for the promise, that the case was within the provisions of the statute of Frauds and Perjuries, and that the action was not maintainable.

## By LAW, Judge.

THE facts of this case are briefly these : Mrs. *Rutherford*, a feme covert, drew her draft on *T. Butler & Co.* in favor of the plaintiff, which was accepted by *Butler & Co.* payable when in funds. Subsequently to this acceptance, *Bulloch*, who was the trustee of the drawer's separate property under a deed of marriage settlement, wrote upon the draft, " I will have this paid out of the next crop," and signed his name as trustee. The Jury upon the trial of the appeal, returned a verdict for the defendant; and now a motion for a new trial is made, founded principally upon the following grounds.—That the presiding Judge misdirected the Jury in relation to the right of the defendant to resort to the trust property, in the event of a recovery against him in this action.

That the Jury under the influence of that instruction, grounded their verdict upon a point not in issue.

And because the signature of the defendant, as *trustee*, showed the *consideration* of his promise.

[Crane vs. Bulloch.]

I remark, that the Jury had been generally charged in the case by the Court; that they had retired, and after having been in their room some time, returned into Court, and requested the instruction which is now made a ground for this motion.   The right of the defendant to resort to the trust property for indemnity against any loss he might sustain, in consequence of the foregoing undertaking, it seems to me, could only have relation to this case, so far as it might serve in aiding to make out a consideration to support the promise of the defendant, as by shewing some special contract to indemnify, a bond of indemnity taken, or the possession of the property, or funds passed at the time to the defendant, or permitted to be retained by him.   Resting as the right must do in this case, from the testimony upon general principles, I acquiesce in the suggestion that it was a point not in issue.   And therefore, without enquiring into the correctness of the instruction given, I would at once grant a new trial, were it not that I believe substantial justice has been done, and that, according to law, the same verdict ought to be rendered again if a new trial were granted.   I proceed to state the reasons for this opinion.

Whatever diversity of sentiment may have existed as to the necessity of shewing a consideration where the collateral undertaking of a third party is simultaneous with, and forming a part of the original transaction ; the weight of authority in England and in this country affirms the doctrine, that some further consideration growing out of, or having respect to such original liability, must be shewn, where the collateral undertaking is not connected in point of time with the original agreement, but made subsequently thereto.   This doctrine is in fact acquiesced in by the counsel for the plaintiff, who based himself at the trial upon that count in the declaration which averred a consideration growing out of the character and relation of the defendant, as trustee, and who now contends for a new trial, because he says, the signature of the defendant, as trustee, shewed the consideration of his promise.   The only en-

quiry then, is whether such consideration has been shewn as will support this promise. The whole case comes to this: Whether the fact that *Bulloch* was trustee of the drawer and signed as such, is or is not a sufficient consideration for his promise. What is a consideration that will support an assumpsit? It is said to be either an immediate benefit to the party promising, or a loss to the person to whom the promise was made. A benefit to the defendant, or a prejudice to the plaintiff. Ch. J. *Marshall* says, "it is not absolutely necessary that a benefit should accrue to the person making the promise. It is sufficient that something valuable flows from the person to whom it is made, and that the promise is the inducement to the transaction. (*Violett* vs. *Patton* 5, Cranch 150.)

It is, I think, extremely difficult to lay down any concise definition, or general rule, sufficiently comprehensive to embrace the variety of obligations, from which a sufficient consideration may spring for a promise. Lord *Mansfield*, (in *Hawkes* vs. *Saunders*, Cowp. 290,) said of the definition I have first given here, that it was quite too narrow, and that the existence of a legal or equitable duty is sufficient for a promise. Mr. *J. Buller* says, " the true rule is, that wherever a defendant is under a moral obligation, or is liable in conscience and equity to pay, that is a sufficient consideration." Taking this case upon the most enlarged view, it does not appear to me that there was any moral obligation on the part of *Bulloch* to pay this draft. There was no equitable liability. He was not a trustee for the plaintiff, and if this draft be considered in the nature of an appointment by the feme, it was not directed to him, and gave him no authority to dispose of her funds under his control. If *Bulloch* could have been considered as trustee for the plaintiff, then he would be under an obligation to pay, from which a new consideration personal to himself would arise, and the case would have nothing to do with the statute. Such was the case of *Williams* vs. *Leper*, (3 Burr. 1886,) a broker to sell for the benefit of the creditors, and *Williams*, the plaintiff, whose te-

nant *Taylor* had been distrained for rent. Lord *Mansfield* said, "the plaintiff enters to distrain, he has a legal pledge in his custody. The defendant agrees 'that the goods shall be sold, and the plaintiff paid in the first place.' The goods are the *fund*. The question is not between *Taylor* and the plaintiff. The plaintiff had a lien upon the goods. *Leper* was a trustee for all the creditors, and was obliged to pay the landlord who had the prior lien." Mr. *J. Wilmot* in this case remarks, "*Williams*, the plaintiff, is in possession of the goods, having entered with intent to distrain them. *Leper* was the agent for the creditors. He makes this promise, in order to discharge the goods of this distress. I consider this distress as being actually made. If you will quit the goods and disincumber the fund, I will pay you." Mr. *J. Yates* says, "he undertakes to pay this, in all events, peremptorily and absolutely." So too, in the case of an executor who having received assets, in consideration of such assets, promises to pay the legatee. Lord *Mansfield*, in *Hawkes* vs. *Saunders*, (Cowp. 290,) says, he receives the money as a trust or deposit to the use of the legatee. He ought to assent if he has assets. He has no discretion or election. He returns what belongs to the legatee, and therefore owes him the amount. The defendant having a full fund to pay the demand which the plaintiff had a right to recover, if he pleased, he in consideration of that fund promises to pay. I cannot think that this is not a sufficient consideration. And he distinguished this case from *Rann* vs. *Hughes*, (7 Term Rep. 350,) in which there were no assets, and where Ld. Ch. Bar. *Skinner* who delivered the opinion of the Judges, says, the declaration states that the defendant being indebted as administratrix promised to pay when requested, and the judgment is against her generally. The being indebted is a sufficient consideration to ground a promise, but the promise must be co-extensive with the consideration, unless some particular consideration of fact can be found here, to warrant the extension of it against the defendant in

PART II.—P. 2.

her own capacity. No sufficient consideration occurs to support this demand against the defendant in her personal capacity; for she desires no advantage or convenience from the promise here made. In the case before me, as I have already said, Mr. *Bulloch* was not the trustee of the plaintiff. He held no funds which it was his duty to pay to the plaintiff. He derived no advantage or convenience from his undertaking; there was no forbearance; the plaintiff had no lien upon the property, and had it even been in posession of the trustee, he could not have divested him of that posession. In *Keech* vs. *Kennegal*, (1 Ves. 125,) Lord *Hardwicke* says, at law, if an executor promises to pay a debt of his testator, a consideration must be alleged, as of assets come to his hands; or of forbearance; or if admission of assets is implied by the promise; otherwise it will be but *nudum pactum*. If *Bulloch* had been in possession of the crop at the time of the promise, and if that possession be implied from the terms of the promise, still there was no moral duty or obligation resting upon him to discharge this debt to the plaintiff, for whom he did not receive the property in trust—the only principle upon which the decisions go in the case of executors. But *Bulloch* does not promise to pay peremptorily and absolutely in all events, as in the case referred to; it is a promise to pay out of the next crop, and in his character as trustee, making as it seems to me, in the absence of all personal consideration, the receipt and control of the crop a condition upon which his liability was to depend. Lord *Hardwicke*, in the case just referred to, says, even with regard to executors, "promises by executors to pay the debt of their testator must be understood with reference to assets, otherwise men might be drawn in." I have already remarked, that there was no benefit to *Bulloch* which appeared in this case—that there was no moral obligation, or equitable liability upon him to pay this debt, and it remains to observe that it does not appear that any prejudice accrued to the plaintiff, or that any thing valuable flowed from him, which was induced by the promise. It is obvious, therefore, that there is no

new distinct independent personal consideration for this promise which could take it out of the statute of *frauds*. The case falls within that class of cases to which I have referred, of a promise made subsequently to the original transaction, and therefore requiring under the operation of the statute of *frauds*, some further consideration to be shewn, having an immediate respect to the original subsisting liability. The only consideration shewn here, is the fact, that *Bulloch* acknowledges himself to be the trustee of the drawer's separate property. This as has already been shewn, imposed no obligation upon *Bulloch* to pay this draft, and is consequently no consideration at all.

I believe that upon the trial of this case too much was left to the Jury, that the case is plainly with the defendant upon the law, and the motion for a *new trial* is therefore refused.

*Motion denied.*